[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 24, 1996, an evidentiary hearing took place on the court-appointed Receiver's motion for authority to terminate all patient care services at the Winsted Memorial Hospital as of October 25, 1996, and for authority to join with the Hospital's Board of Directors to file a petition under Chapter 7 of the Bankruptcy Code. The Hospital had filed a Notice of Intention To. Terminate All Health Care Services, To Cease Operations And To File A Petition Under Either Chapter 7 or Chapter 11 of The Bankruptcy Code. CT Page 8291
Also heard was the Plaintiff's Motion To Set Aside Receiver's Recommendations, To Appoint New Hospital Directors And To Terminate The Receivership.
On October 8, 1996, the parties entered into a Joint Stipulation Regarding Appointment of Receiver. In the Stipulation, the parties agreed to give the Receiver, "an opportunity to assess the financial status of WMH and to permit that independent third party to recommend to the Court, and to the relevant administrative agencies having jurisdiction over WMH, the appropriate scope of services WMH should provide."
The parties further agreed that "The Receiver shall be a person experienced in hospital finance, third-party reimbursement, physician practice patterns, hospital licensure and administration, managed care contracting and with Connecticut's budget rate order process and the certificate of need authority of OHCA." With these qualifications as their criteria, the Attorney General and the Hospital agreed on the appointment of E. Cortright Phillips as Receiver, thereby saying to the Court that they both were satisfied that Mr. Phillips was an expert well qualified to carry out the mandates of his appointment. Accordingly, this Court appointed Mr. Phillips as Receiver.
Paragraph 13 of the Stipulation required Mr. Phillips to "make a recommendation to the Court concerning the appropriate scope of in-patient and/or out-patient services, if any, to be provided by WMH, and the manner and means by which those services can be provided. This report shall be made on October 22, 1996, unless otherwise scheduled by the Court." Mr. Phillips did file his report on October 22, 1996 and simultaneously filed his motions, which were heard along with the Plaintiff's counter motions on October 24, 1996.
After reviewing the evidence presented at the hearing, and having evaluated the credibility of the various witnesses, the Court finds the following facts.
E. Cortright Phillips, who, the parties agreed, was qualified to serve as Receiver, is a man of impressive credentials, who was well qualified to carry out the responsibilities and mandates of his position as Receiver. His report of October 22, 1996 was comprehensive, well documented, thorough, and factual. The conclusions reached in that report rest on a solid foundation, CT Page 8292 and the Court finds them to be persuasive and convincing. The financial condition of WMH is more than precarious. Indeed, it is nothing less than desperate — so desperate that there is nowhere to turn.
In the Plaintiff's counter motions, he moves that the Receiver be ordered to immediately remove all the current directors of WMH and fill each vacancy with persons nominated by The Community Trust for Winsted Hospital, Inc. The Court finds that the Plaintiff has failed to prove that the Hospital has been mismanaged or that it would be in the best interest of the Hospital to replace the directors.
The Plaintiff argues that the Community Trust For Winsted Hospital, Inc. is qualified and capable of running the Hospital. The principal witness called by the Plaintiff in support of this position was Richard T. Michaelsen, President of the Board. Mr. Michaelsen testified that the Trust has no written business plan for managing the Hospital, and the Court so finds. Furthermore, he testified that the Trust has had a bank account for only a few days and that he does not know how much money is in that bank account. There was no testimony by anyone as to the amount of money the Trust is presently in possession of. The court concludes that the Plaintiff has failed to prove that the Community Trust has the business acumen necessary to carry out the enormously complex task of administering the WMH, and further that he has failed to prove that the Trust has the money which would be needed, even minimally, to save the Hospital.
As the Plaintiff has conceded on page 2 of his October 23, 1996 Objection To The Defendant's "Notice of Intention. . . .", this Court has the authority to determine, with the advice of the Receiver, whether the Hospital Board of Directors may cease operations and file a petition for Bankruptcy.
The Court therefore authorizes the immediate termination of all patient care services at Winsted Memorial Hospital, and further authorizes the Hospital to file a petition under either Chapter 7 or Chapter 11 of the Bankruptcy Code.
The Court denies the Plaintiff's motion for removal of all of the current directors of WMH.
The appointment of Mr. Phillips as Receiver remains in effect so that all appropriate steps made necessary by this decision can CT Page 8293 be taken. Mr. Phillips is to adhere to the existing schedule for reporting to the Court.
HON. RICHARD A. WALSH, J.